IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RAYMOND MILBY | ) | |
| | ) | |
| v. | ) | NO: 3:17-1212 |
| | ) | Campbell/Holmes |
| CORECIVIC of TENNESSEE, LLC. | ) | |
| and JOHN DOES 1, 2, and 3 | ) | |

**TO: Honorable William L. Campbell, District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 1, 2018, the Court referred this civil rights case to the Magistrate Judge for case management in accordance with Local Rule 16.01. *See* Docket Entry No. 25.

Presently pending is the motion of Defendant CoreCivic of Tennessee, LLC ("CoreCivic") to dismiss this case under Rule 41 of the Federal Rules of Civil Procedure. *See* Docket Entry No. 32. Plaintiff has not filed a response to the motion. For the reasons set forth below, the undersigned respectfully recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Raymond Milby ("Plaintiff") filed this lawsuit on September 1, 2017, against CoreCivic and three "John Doe" defendants. He asserts claims under 42 U.S.C. § 1983 and state law based on allegations that he was denied appropriate medical care while he was an inmate at the Trousdale Turner Correctional Center in September 2016. Defendant CoreCivic has defended the lawsuit and initial pretrial activity has occurred pursuant to a case management order. *See* Docket Entry Nos. 15

and 21. The "John Doe" Defendants have not been served with process or identified. The case is currently set for a jury trial on April 23, 2019. *See* Docket Entry No. 22.

At the time the lawsuit was filed, Plaintiff was represented by counsel. However, Plaintiff's counsel was permitted to withdraw on June 29, 2018. *See* Docket Entry No. 28. On two separate occasions, the Court advised Plaintiff that he must retain new counsel or proceed *pro se* and directed him to file a notice on or before July 30, 2018, stating whether he has retained new counsel or intends to proceed pro se." *See* Orders entered June 29, 2018 (Docket No. 28) and July 10, 2018 (Docket Entry No. 29). Plaintiff failed to respond to either Order, and the docket reflects that the copies of the Orders that were mailed to him at his last known address of record[1] were returned as undeliverable. *See* Docket Entry Nos. 30 and 31.

On August 16, 2018, Defendant CoreCivic filed the pending motion to dismiss, seeking dismissal under Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiff's failure to prosecute this lawsuit. Specifically, CoreCivic asserts that Plaintiff has failed to respond to written discovery requests[2], failed to comply with Court Orders, and failed to keep the Court and CoreCivic informed of his current address.

By Order entered August 20, 2018 (Docket Entry No. 34), the Court set a September 17, 2018, deadline for Plaintiff to respond to the motion to dismiss. Plaintiff failed to file a response,

---

[1] A non-institutional, residential address for Plaintiff was provided in the motion to withdraw. *See* Docket Entry No. 27 at 3.

[2] As reflected in an exhibit supporting the motion to dismiss and in the motion to withdraw that was filed by Plaintiff's former counsel, the outstanding and unanswered discovery requests were served upon Plaintiff while he was represented by counsel. *See* Docket Entry No. 33-1 and Docket Entry No. 27.

2

and the docket reflects that the copy of the Order that was mailed to him at his last known address of record was returned to the Court as undeliverable. *See* Docket Entry No. 35.

On September 20, 2018, Defendant CoreCivic filed a mediation report stating that it had not been able to communicate with Plaintiff. *See* Docket Entry No. 36.

## II. ANALYSIS

The motion to dismiss has merit and should be granted. Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction. Rule 41(b) of the Federal Rules of Civil Procedure further permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). In addition, it is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961).

Dismissal of this action pursuant to Rule 16(f)(1) and Rule 41(b) is warranted because of Plaintiff's failure to comply with the specific directives of the Court and his general failure to actively litigate the lawsuit after his former counsel withdrew. Dismissal with prejudice is appropriate in light of the impasse in further proceedings in the action caused by Plaintiff's failure to prosecute, his failure to engage in discovery, his apparent disinterest in the action, and the fact that his current whereabout are unknown. Plaintiff was specifically warned about the consequences of his failure to comply with the directives of the Court and his failure to act. Neither the Court nor

Defendants should be required to expend any further resources in the case given Plaintiff's failure to prosecute. A sanction lesser than dismissal is not warranted.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that:

(1) motion (Docket Entry No. 32) to dismiss filed by Defendant CoreCivic of Tennessee, LLC, be GRANTED; and

(2) this action be DISMISSED with prejudice in its entirety pursuant to Rule 16(f)(1) and Rule 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge